IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV397-03-MU

| | |
|---|---|
| DAVID LOVE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| TODD PINION, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner David Love's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1) filed September 15, 2005.

According to the Petition, in June 2001, the Petitioner was convicted after a jury trial of possession of a stolen vehicle and misdemeanor resisting a public officer and was sentenced to a term of imprisonment of 120 to 153 months. Petitioner directly appealed his conviction to the North Carolina Court of Appeals. On October 1, 2002, the Court of Appeals affirmed Petitioner's conviction. Petitioner did not seek further direct appellate review.

Next, at some undisclosed point, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Superior Court of Mecklenburg County. However, that MAR was denied on March 22, 2004, and Petitioner subsequently filed a certiorari petition with the North Carolina Court of Appeals and with the North Carolina Supreme Court. Both of which were denied on May 26, 2004 and May 4, 2005 respectively. It appears from Petitioner's petition that he may have filed a second MAR with the Mecklenburg Superior Court which was denied on June 12, 2005 and with the North Carolina

Court of Appeals, which was denied on May 22, 2005.

Petition filed the instant Petition alleging ineffective assistance of counsel as well as various violations of his due process rights. In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effectively amending 28 U.S.C. § 2254 by adding the following language:

A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented for filing by such State action;
    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, in the instant petition, Petitioner concedes that his petition is late under the AEDPA. Furthermore, Petitioner has failed to articulate a proper basis for tolling the applicable limitation period or otherwise extending the time in which to file the instant Motion. Rather, aware of this bar to his petition, as he raised it himself, he claims as ground four of his petition "ineffective state court process and failure to protect petitioner's rights 28 U.S.C. 2254(B)(i)and (ii)." While it is not clear exactly who Petitioner is blaming for the untimeliness of his petition, his excuse will not save the his petition. See <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000); <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir.) (Neither petitioner's unfamiliarity with legal

process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999). Furthermore, if in response to this Order, Petitioner claims his attorney was ineffective for failing to tell him about the one-year period of limitations, that will also not suffice to toll the limitations period.  Mackall v. Angelone, 131 F.3d 442 (4th Cir.) (Attorney error on state post-conviction review cannot constitute ineffective assistance of counsel as "cause" for procedural default, because no right to counsel in post-conviction proceedings.), cert denied, 522 U.S. 1100 (1998); 28 U.S.C. § 2254(I) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Therefore, the Petitioner's Writ of Habeas Corpus Petition must be dismissed as it is untimely.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**.

**Signed: September 20, 2005**

Graham C. Mullen
Chief United States District Judge